UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOE PERCIVAL, | CASE NO.   1:09-cv-01699-MJS (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | (ECF No. 11) |
| KEN CLARK, WARDEN, | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**ORDER**

Plaintiff Larry Joe Percival ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the action on September 29, 2009 and consented to Magistrate Judge jurisdiction on November 19, 2010. (ECF Nos. 1 & 13.)  His Complaint has not yet been screened by this Court.

Plaintiff filed a motion with the Court on May 21, 2010. (ECF No. 11.)  In it he seeks a change in the case caption.  He states that Ken Clark is only a prison supervisor and J.

1

Clark Kelso is a federal receiver for California Department of Corrections and Rehabilitation medical. Plaintiff also states that Kelso is a defendant in his habeas action and so is aware of Plaintiff's medical issues.

It appears to the Court that Plaintiff seeks to substitute one Defendant for another. In effect, Plaintiff would be voluntarily dismissing Defendant Clark and adding J. Clark Kelso as a Defendant. Such a change requires amendment of Plaintiff's Complaint; any such amendment must demonstrate that each Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Accordingly, the Court will construe this request as a Motion to Amend so Plaintiff can file an Amended Complaint including J. Clark Kelso as a defendant and describing what action or inaction by Mr. Kelso deprived Plaintiff of his constitutional rights . See Local Rule 281(b)(15).

The opportunity to amend it is not for the purposes of adding new defendants or claims except as specifically allowed by this order. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed in his original Complaint while adding facts relating to the new Defendant.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's May 21, 2010 Motion to Substitute Defendants, which the Court construes as a request for leave to amend, is GRANTED.

2. Plaintiff's First Amended Complaint is due within thirty (30) days from the date of service of this order;

3. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1699-MJS (PC); and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 22, 2010              /s/ *Michael J. Seng*
ci4d6                                    UNITED STATES MAGISTRATE JUDGE