UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PERCIVAL,<br><br>               Plaintiff,<br><br>   v.<br><br>J. CLARK KELSO, et al.,<br><br>              Defendants.<br>_____/ | CASE NO.   1:09-cv-01699-MJS (PC)<br><br>SECOND AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 19)<br><br>THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Larry Percival ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint September 28, 2009 and consented to Magistrate Judge jurisdiction on November 19, 2010. (ECF Nos. 1 & 13.) He was given leave to amend his complaint and did so on December 23, 2010. (ECF Nos. 16 & 17.) Plaintiff's First Amended Complaint was dismissed with leave to amend on March 1, 2011. (ECF No. 18.) Plaintiff filed a

1

Second Amended Complaint on March 18, 2011.  (ECF No. 19.)

Plaintiff's Second Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has again failed to state a claim upon which relief may be granted.

## II.    **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of his First Amendment rights. He names the following individuals as Defendants: R. Fisher, Captain; S. Nail, Sergeant; R. Garza, Correctional Officer. Defendants were all employed at California Substance Abuse Treatment Facility at Corcoran ("CSATF") at the time of the alleged incidents.

Plaintiff alleges the following: On November 6, 2008, Plaintiff watched as Defendant Nail physically assaulted a handcuffed wheelchair-bound inmate. Afterwards, Defendant Nail told Plaintiff that "if [Plaintiff] had anything to say about it, [Plaintiff] would be shot for assaulting staff." (ECF No. 19, p. 3; Pl.'s 2nd Am. Compl. p. 3.) Plaintiff wrote a letter describing Nail's actions and sent it to the Director of Corrections who, in turn, returned it to CSATF for investigation. Plaintiff was interviewed by another officer[1]. In Plaintiff's absence, Defendants Nail and Garza searched Plaintiff's cell. They claimed to have found a "tomahawk" razor weapon in the cell.

Plaintiff's cell was searched a second time on January 6, 2009 by Defendant Nail. After the search, Plaintiff found a razor planted by Nail in his cell. He sent the razor along with a 602 grievance describing Nail's actions to the Director. The 602 was returned to CSATF for investigation by Defendant Fisher. Fisher issued Plaintiff a CDCR-115 for possession of a weapon.

Plaintiff seeks compensatory damages and return of good time credit.

### IV. ANALYSIS

---

[1] In his First Amended Complaint, Plaintiff stated that he was interviewed about the letter. (ECF No. 17, p. 3.) In his Second Amended Complaint, Plaintiff does not state why he was interviewed, only that he was interviewed and that during the interview his cell was searched.

3

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.      Retaliation

Plaintiff alleges that Defendants Fisher, Nail, and Garza violated his First Amendment rights through retaliatory conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges two separate acts of retaliation.

#### 1.      First Retaliatory Act

Plaintiff states that Defendant Nail threatened him after Plaintiff watched Nail assault another inmate.  Then, when Plaintiff was being interviewed by another officer, Nail and Garza claimed to have found a tomahawk razor in his belongings.  Plaintiff states that he included a description of Nail's actions and the threat in the letter.  However, Plaintiff does

4

not state what the interview was regarding or that Defendant Nail knew about Plaintiff's letter or the interview. Further, Plaintiff does not state that he was punished for possessing contraband.

Plaintiff has not satisfied the first element of the retaliation standard. The planting of contraband without more is not an adverse action. See Martin v. Sullivan, 2007 WL 2462076, *7 (E.D. Cal. Aug. 28, 2007) (allegation of planted evidence with issuance of rules violation report found to state a retaliation claim). Plaintiff does not state that he was given a rules violation report for this incident or that he received any other form of punishment. As currently pleaded, he did not suffer any adverse actions because of the planted evidence; thus, he does not meet the first prong for retaliation.

As to the third prong of the retaliation test, it is not clear what First Amendment-protected action Plaintiff was attempting to perform. He states that he sent a letter to the Director of Corrections and specifies that he included a description of Nail's conduct and threat. The Court assumes that the letter was intended as a grievance against Defendant Nail. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Because the Court assumes that the letter is a grievance against Defendant Nail, it will finds that Plaintiff has satisfied the third prong of the retaliation standard.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce

5

v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). The timing of the search—in that it occurred while Plaintiff was being interviewed away from his cell—is suspect. However, again, Plaintiff has not alleged facts demonstrating that the named Defendants knew about the letter or the reason for the interview. In fact, Plaintiff has given no reason for the interview. In the previous Screening Order, the Court found the same deficiencies. Plaintiff failed to clarify his allegations and include more detail; he has again failed to state facts addressing the second prong of his retaliation claim.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has alleged facts sufficient to satisfy the fourth prong. Having evidence planted in one's cell would discourage a person of ordinary firmness from exercising his First Amendment rights.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This

6

is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff states that there were no other penological goals related to such tactics. The Court can think of no circumstance in which the planting of contraband would advance a legitimate goal. Thus, the Court finds that Plaintiff has satisfied the fifth prong.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim in regard to this incident, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff was previously notified of the relevant legal standard and the deficiencies in his prior complaint. The Court explicitly told Plaintiff to use greater detail to describe what led to the retaliatory conduct and the connection between the conduct and his letter. His Second Amended Complaint contains no allegations that are materially different than those contained in his previous complaints regarding this incident. In fact, Plaintiff has included fewer details in the instant version.

Nevertheless, the Court will grant Plaintiff **one** additional opportunity to amend this claim. In his amended complaint, Plaintiff must allege a sufficient link between the letter and the search. He must also show that he was somehow adversely effected by the planting of the razor. Moreover, Plaintiff only briefly mentions Defendant Garza in the statement of the case, i.e., he alleges Defendant Garza aided Nail in the first search of Plaintiff's cell. This statement alone does not make Garza's conduct retaliatory in nature. If Plaintiff intends to proceed against Garza, his amended complaint must demonstrate that Garza directly participated in the retaliatory conduct.

2. Second Retaliatory Act

Plaintiff states that Nail conducted a second search of Plaintiff's cell months later

and planted a razor blade. Plaintiff found it and sent it, along with a letter, to the Director of Corrections who returned it to CSATF for investigation. Plaintiff received a rules violation from Defendant Fisher for possessing the razor blade.

It is not clear to the Court how this can be construed as retaliation by Defendant Fisher. It was Plaintiff, himself, that sent the razor blade to the Director of Corrections and led to Plaintiff receiving a rules violation report for possession. Plaintiff claims that Fisher told Plaintiff that Fisher did not like Plaintiff "impinging his officer[']s good name". Regardless of that statement, it is clear that Plaintiff must have had possession of the razor blade to mail it to the Director of Corrections, so technically the rules violation report was accurate; this also evidences a valid penological goal for the rules violation report, i.e. safety of the facility. Thus, Plaintiff fails to satisfy the fifth prong of retaliation. Plaintiff also fails to allege any causation or motive by Fisher as required under the second prong.

Plaintiff does satisfy the first prong as receiving the "false" rules violation report based on allegedly planted evidence is an adverse action. Plaintiff also satisfies the third and fourth prong as stated above. However, Plaintiff has not satisfied all five prongs in this retaliation incident as related to Defendant Fisher. Thus, this claim is dismissed. The Court will give Plaintiff leave to amend and attempt to state a claim for this specific incident. In his amendment, Plaintiff must follow the guidelines given above, be more detailed in his description of the incident, and connect the adverse action with a motive.

Plaintiff does not attribute this alleged retaliatory conduct to Defendant Nail. Even if the Court were to do so, Plaintiff still fails to demonstrate retaliation. Plaintiff does not tie this act of retaliation to the first letter or incident. The second incident happened two months after the initial incident, and there is no indication that they are connected. Also,

similarly to the first incident, Plaintiff fails to attribute knowledge of the letter to Nail. Thus, Plaintiff's description of this incident lacks causation and motive (second prong). Plaintiff has failed to state a claim as related to Defendant Nail and this claim is dismissed. Plaintiff will be granted leave to amend to attempt to state such a claim.

In his amended complaint, Plaintiff must describe the second incident in more detail. He also must tie the two incidents together if they are, in fact, related and the same causation/motive satisfies both. Plaintiff needs to demonstrate that Nail had knowledge of the letters/grievances that Plaintiff sent to the Director against him. Plaintiff also must demonstrate that he suffered adverse actions due to the planting of the razors.

**B.     Due Process**

As pleaded Plaintiff may be able to state a procedural due process claim. Although the filing of a false report against an inmate is not a per se civil rights violation, an inmate can state a cognizable civil rights claim when he alleges that the false report was in retaliation for the inmate's exercise of his constitutional rights and did not advance legitimate institutional goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Hines v. Gomez, 108 F.3d 265, 267-268 (9th Cir. 1997); Newsome v. Norris, 888 F.2d 371, 377 (9th Cir. 1989).

An inmate can also state a cognizable claim arising from false disciplinary reports if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings, as provided in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1874); see Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence that resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections were provided); see also Salisbury

v. Miller, 2009 WL 743925, *2 (N.D. Cal. Mar. 18, 2009); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan. 20, 2009); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan. 8, 2009); Fulton v. Lamarque, 2008 WL 901860, *6 (N.D. Cal. Mar. 31, 2008); Bailey v. Cox, 2008 WL 621903, *10 (C.D. Cal. Feb. 29, 2008); Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997).

In relation to due process, prisoners are entitled to be free from arbitrary actions of prison officials. Wolff, 418 U.S. at 558. The planting of the razor and subsequent punishment certainly could constitute arbitrary behavior. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in Wolff. Here, Plaintiff does not allege that he was denied any of the procedural due process protections to which he was entitled under Wolff. In fact, he does not state anything about the process he received after being issued the CDCR-115 rules violation.

If Plaintiff would like to make such a claim, he must keep in mind the following. Before a prisoner can be sanctioned, the prison officials must provide those procedural requirements outlined in Wolff: advance written notice of violation, written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety. In addition, there needs to be an impartial decision-making body to protect the integrity of the procedure. Redding v. Fairman, 717 F.2d 1105 (7th Cir.1983), cert. denied, 465 U.S. 1025 (1984). All of these procedural due process requirements protect prisoners from "arbitrary actions extinguishing their privileges." Id. at 1116. The disciplinary procedures allow a prisoner a chance to defend against improper or erroneous charges.

To proceed on a due process claim, Plaintiff must include sufficient detail about

what happened after he received the rules violation report: did he receive a hearing, what happened at the hearing, who conducted the hearing, did it comply with the above safeguards, what was his final punishment, did he appeal it, etc.  The Court will give Plaintiff leave to amend this claim.

### C.     Habeas Action

Plaintiff alleges he lost time credits as a result of the rules violation report.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  If Plaintiff is indeed complaining about the legality or duration of his custody, Plaintiff's civil rights complaint will be dismissed entirely.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:09-cv-1699-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for

////
////
////
////

failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  April 5, 2011                    /s/ *Michael J. Seng*
ci4d6                                    UNITED STATES MAGISTRATE JUDGE