UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOE PERCIVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. J. NAIL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-01699-MJS (PC)<br><br>ORDER FINDING CLAIM AGAINST SGT. J. NAIL COGNIZABLE AND DISMISSING ALL OTHER CLAIMS<br><br>(ECF No. 21) |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On September 28, 2009, Plaintiff Larry Joe Percival, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction on November 19, 2010. (ECF No. 13.)

Prior to initial screening, the Court granted Plaintiff's Motion to Amend his Complaint. (ECF. No. 16.) Plaintiff's First Amended Complaint, filed January 13, 2011

(ECF No. 17), was screened and dismissed, with leave to amend, on March 1, 2011. (ECF No. 18.)  Similarly, his Second Amended Complaint, filed March 18, 2011 (ECF No. 19), was dismissed with leave to amend.  (ECF No. 20.)  Plaintiff's Third Amended Complaint, filed April 15, 2011, is now before the Court for screening.  (ECF No. 21.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF COMPLAINT

The Third Amended Complaint alleges the following named defendants violated Plaintiff's First Amendment rights: Sergeant J. Nail, Captain R. Fisher, and Correctional

Officer R. Garza.

Plaintiff alleges the following:

On November 6, 2008, Plaintiff watched as Defendant Nail physically assaulted a handcuffed, wheelchair-bound inmate. Afterwards, Defendant Nail told Plaintiff "that if [Plaintiff] had anything to say about it he would have [Plaintiff] shot for assallting [sic] staff." (Compl. at 3.) Plaintiff wrote to the Director of Corrections "specifically complaining of SGT J. Nail[']s actions." (Id.) Plaintiff was interviewed about the letter two weeks later; Defendant Nail knew the subject of the interview and when it took place. (Id.) During the interview, Defendants Nail and Garza conducted a search of Plaintiff's cell and found a weapon that Defendant Nail had planted. Plaintiff received a rules violation, was found guilty, and lost three hundred sixty-five days of good time credit. (Id.)

Plaintiff's cell was searched by Defendant Nail a second time on January 6, 2009. (Id. at 4.) After the search, Plaintiff found a razor planted by Nail in his cell. Plaintiff sent the razor along with a grievance describing Nail's actions to the Director of Corrections. The grievance was forwarded to Defendant Fisher for investigation. "Fisher accused [Plaintiff] of lying and . . . then wrote [Plaintiff] up for possesion [sic] of a weapon . . . ." (Id.)

Plaintiff alleges that the aforementioned conduct "had a chilling effect on [his] First Amendment rights and furthered no legitimate penological concerns." (Id. at 3, 4.) The Court will address the merit of these claims.

**IV.   ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.

3

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.    Retaliation

Plaintiff alleges that Defendants Fisher, Nail, and Garza violated his First Amendment rights through retaliatory conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges two separate acts of retaliation.

#### 1.    First Retaliatory Act

Plaintiff alleges that Defendant Nail planted a weapon in his cell because Plaintiff

4

filed a grievance against Nail.  Plaintiff states a cognizable retaliation claim against Defendant Nail.

The first element is satisfied because Plaintiff alleges that Defendant Nail took adverse action against Plaintiff for exercising a right to file a grievance and that, as a result, Plaintiff was punished with a loss of a year's worth of good time credit.  See Martin v. Sullivan, 2007 WL 2462076, *7 (E.D. Cal. Aug. 28, 2007) (allegation of planted evidence with issuance of rules violation report found to state a retaliation claim).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").  The Third Amended Complaint sufficiently links Defendant Nail's motives to Plaintiff's protected conduct by alleging a motive for retaliation and alleging the retaliatory act occurred at the same time as the act precipitating the retaliation, i.e., the interview concerning the letter written by Plaintiff about Defendant Nail assaulting another inmate.

As to the third prong of the retaliation test, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.

1989). Plaintiff's letter "specifically complain[ed] of SGT J. Nail[']s actions" and therefore clearly falls within protected conduct.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff alleges facts sufficient to satisfy the fourth prong. Having contraband planted in one's cell and having that person punished for possession of the contraband would discourage a person of ordinary firmness from exercising his First Amendment rights.

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff states that there were no penological goals related to such tactics. The Court can think of no circumstance in which the planting of contraband alleged here would advance a legitimate goal. Thus, the Court finds that Plaintiff has satisfied the fifth prong.

In sum, Plaintiff has stated a claim against Defendant Nail for retaliation in planting contraband in his cell.

However, Plaintiff fails to include facts showing that Defendant Garza was involved with the planting of contraband. Plaintiff was advised that to state a claim against

6

Defendant Garza, he would need to allege facts that link Garza to the retaliatory act, i.e., planting the weapon. (ECF No. 20.) The Third Amended Complaint alleges that Defendant Garza assisted in the search of Plaintiff's cell, but attributes planting the weapon to Defendant Nail alone. (Compl. at 3.) Plaintiff was warned that the Court would grant only one additional opportunity to amend this claim. (ECF No. 20.) Plaintiff has availed himself of that opportunity and left the pleading deficient as to Defendant Garza. Therefore, the claim against Defendant Garza is dismissed with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

      2.      Second Retaliatory Act

Plaintiff also alleges that Defendant Nail planted a weapon during a second search of Plaintiff's cell, two months after the first. This time Plaintiff found the weapon and reported the incident to the Director of Corrections, who forwarded the matter to Defendant Fisher. Fisher then issued a rules violation based on Plaintiff's possession of the allegedly planted weapon.

In the Court's previous screening order Plaintiff was notified that this retaliation claim was not cognizable, chiefly because Plaintiff did not identify the protected conduct that motivated either Defendant Nail or Fisher to retaliate against him. (ECF No. 20). The facts pled regarding the second retaliatory act in Plaintiff's Third Amended Complaint are virtually identical to those included in the Second Amended Complaint. In his Third Amended Complaint, Plaintiff again fails to set forth what it was he feels caused the retaliation. Because Plaintiff was notified that this claim did not satisfy the second prong of the analysis and he made no effort to correct the deficiency, the claim is dismissed with prejudice. Noll, 809 F.2d at 1448.

## IV. CONCLUSION AND ORDER

Plaintiff's Third Amended Complaint sets forth a cognizable claim against Defendant Nail for violating his First Amendment rights by conducting a retaliatory cell search and planting contraband in his cell. There are no other cognizable claims in the Complaint.

Accordingly, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's Third Amended Complaint, filed April 15, 2011, against Defendant Nail for violation of the First Amendmen with regard to the planting of contraband in Plaintiff's cell on November 6, 2008;

2. All other claims are dismissed with prejudice for failure to state a claim under Section 1983.

IT IS SO ORDERED.

Dated:  August 31, 2011         /s/ *Michael J. Seng*
ci4d6                           UNITED STATES MAGISTRATE JUDGE