UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY JOE PERCIVAL,

Plaintiff,

v.

SGT. J. NAIL, et al.,

Defendants.

_______________________________________/

CASE NO. 1:09-cv-01699-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

(ECF No. 29)

## I. PROCEDURAL HISTORY

On September 28, 2009, Plaintiff Larry Joe Percival, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction on November 19, 2010. (ECF No. 13.) Defendant Nail consented to Magistrate Judge jurisdiction on March 28, 2012. (ECF No. 35.)

Prior to initial screening, the Court granted Plaintiff's Motion to Amend his Complaint. (ECF. No. 16.) Plaintiff's First Amended Complaint, filed January 13, 2011

(ECF No. 17), was screened and dismissed with leave to amend (ECF No. 18). His Second Amended Complaint, filed March 18, 2011 (ECF No. 19), was similarly screened and dismissed with leave to amend (ECF No. 20). Plaintiff's Third Amended Complaint, was filed on April 15, 2011. (ECF No. 21.) On September 1, 2011, the Court screened Plaintiff's Third Amended Complaint and found that it stated a cognizable claim against Defendant Nail for violating Plaintiff's First Amendment rights by allegedly conducting a retaliatory cell search and planting contraband in his cell. (ECF No. 22.) The Court dismissed all other claims and Defendants. (Id.) Defendant Nail has since been served and filed an Answer. (ECF Nos. 26 & 30.)

On January 3, 2012, Plaintiff filed a motion to further amend the Third Amended Complaint. (ECF No. 29.) Plaintiff wishes to amend his Third Amended Complaint to sue Defendant Nail in his individual and official capacity. (Id.) Defendant Nail has not filed any objections to Plaintiff's motion. Plaintiff's motion is now before the Court.

## II. LEGAL STANDARD

Plaintiff has amended once as a matter of course and therefore, he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring leave to amend is applied with extreme liberality. Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (quotation marks omitted); also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In determining whether to grant leave to amend, courts generally consider four

factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Waldrip, 548 F.3d at 732; AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC, 316 F.3d at 1052 (quotation marks omitted).

## III. FUTILITY OF AMENDMENT

It is well-established that the Court may deny leave to amend if amendment would be futile. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011); Serra v. Lapin, 600 F.3d 1191, 1200 (9th Cir. 2010); Gardner v. Martino, 563 F.3d 981, 990-92 (9th Cir. 2009); Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1046 (9th Cir. 2006); Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004); Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. Nordyke, 644 F.3d at 788 n.12 (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) and Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009)).

Here, Plaintiff asks that he be allowed to amend his Third Amended Complaint so

that he can bring suit against Defendant Nail in his individual and official capacity, rather than solely in his individual capacity. However, amendment would be futile. Plaintiff has brought this suit against Defendant Nail under 42 U.S.C. § 1983 and has prayed for monetary damages only. Because "[a] state and its officials acting in their official capacities are not considered 'persons' within the meaning of § 1983," they cannot be held liable under the statute for money damages. Bank of Lake Tahoe v. Bank of Amer., 318 F.3d 914, 918 (9th Cir. 2003) (citing Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002)). Thus, Plaintiff does not have any viable claims for monetary relief against Defendant Nail, as a state actor, in his official capacity. Plaintiff's efforts to amend his Third Amended Complaint to bring suit against Defendant Nail in his official capacity would be futile. Thus his motion should be denied.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the Court finds that Plaintiff's proposed amendment is futile. Plaintiff's motion to amend will be denied and this action shall continue on the Third Amended Complaint.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend, filed on January 3, 2012, is DENIED.

IT IS SO ORDERED.

Dated: June 13, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE