UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOE PERCIVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-01699-MJS PC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(ECF No. 37) |

**I.     PROCEDURAL HISTORY**

　　　Plaintiff Larry Joe Percival, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2009.  The action proceeds on Plaintiff's claim that while he was incarcerated at California Substance Abuse Treatment Facility and State Prison, Defendant Nail retaliated against him for engaging in protected activity in violation of Plaintiff's rights under the First Amendment to the United States Constitution.  (ECF Nos. 21 & 22.)

　　　On September 20, 2012, Defendant Nail filed a motion for summary judgment. (Def.'s Mot. Summ. J., ECF No. 37.)  Plaintiff filed an opposition on October 18, 2012. (Pl.'s Opp'n, ECF No. 38.)  Defendant Nail filed a reply on October 24, 2012.  (Def.'s Reply, ECF No. 39.)  Pursuant to Local Rule 230, Defendant Nail's motion is now ready for ruling.

　　　The Court has considered all papers filed in support of and in opposition to the

motion for summary judgement, and, for the reasons set forth below, will grant the motion be granted.

## II. **FACTUAL BACKGROUND**

The competing alleged facts are as follows:

Plaintiff alleges that on November 6, 2008, Plaintiff saw Defendant Nail physically assault another inmate. (Third Am. Compl., ECF No. 21, at 3.) Defendant Nail told Plaintiff that he would have Plaintiff shot if Plaintiff reported what he saw. (Id.) After this incident, Plaintiff wrote a letter to the "Director of Corrections" regarding the incident. (Id.)

Plaintiff and Defendant Nail have differing versions of events that occurred on December 9, 2008, the date of the incident at issue in Plaintiff's Third Amended Complaint.

According to Plaintiff, Defendant Nail had Plaintiff removed from his cell so he could be interviewed regarding his staff complaint. (Def.'s Mem. P. & A., ECF No. 37-1, at 2, Ex. B; Pl.'s Decl., ECF No. 38, at ¶ 2.) While he was away from his cell, Correctional Officer Garza and Defendant Nail searched Plaintiff's cell and found a weapon. (Pl.'s Decl. at ¶ 3; Def.'s Mem. P. & A. at 9.) Defendant Nail conducted the search and planted the weapon in Plaintiff's cell in response to Plaintiff's staff complaint against Defendant Nail. (Pl.'s Mem. P. & A., ECF No. 38, at 4.)

According to Defendants, on the day at issue, a prison dentist lost her staff identification card while treating inmates in certain cells making it necessary to search for the card. (Def.'s Mem. P. & A. at 2.) Correctional Lieutenant Akin asked Defendant Nail to search the cells of prisoners who had been treated by dentist. (Id.) Defendant Nail ordered Officers Garza and Cerda to search the cells, one of which was Plaintiff's. (Id.) Officer Garza found a weapon in Plaintiff's cell. (Id.) It was not planted by Defendant Nail. (Id.) Plaintiff was issued a Rules Violation Report charging him with possession of a weapon. (Id.) Plaintiff was ultimately found guilty of possession of a weapon and assessed a three hundred and sixty days loss of credit. (Id.) That finding of guilt has not been reversed. (Id.)

### III.  **LEGAL STANDARD**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). While the Court *may* consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

As the moving party, Defendant bears the initial burden of proving the absence of a genuine dispute of material fact. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (quotation marks omitted). Because Plaintiff bears the burden of proof at trial, Defendant needs only prove that there is an absence of evidence to support Plaintiff's case. In re Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 326) (quotation marks omitted). If Defendant meets his initial burden, the burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial. Id. (citing Celotex, 477 U.S. at 324). However, Plaintiff need not file any countervailing declarations or other materials if Defendant's papers are insufficient on their face to demonstrate the lack of any material issue of fact. Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir. 1986); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (quotation marks omitted).

In resolving Defendant's motion for summary judgment, all of the evidence must be viewed in the light most favorable to Plaintiff as the non-moving party, Garcia v. County

of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011), and all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 763 (9th Cir. 2006). Further, Plaintiff's papers are treated more indulgently since he is the nonmoving party. Lew, 754 F.3d at 1423.

## IV.   DISCUSSION

Defendant Nail moves for summary judgment on several grounds. He claims he is entitled to summary judgment because the evidence does not support Plaintiff's retaliation claim; that a finding in Plaintiff's favor would necessarily invalidate his prison disciplinary conviction and loss of time credits and therefore Plaintiff is limited to habeas corpus relief; and that Nail is entitled to qualified immunity. Plaintiff argues that: Defendant Nail is not entitled to summary judgment because the facts show that Defendant Nail did retaliate against Plaintiff; his claim is not barred by Heck v. Humphrey, 512 U.S. 477, 489 (1994); and Defendant Nail is not entitled to qualified immunity.

### A.   The Evidence Does Not Support Plaintiff's Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

According to Defendant Nail, Plaintiff has not established the first or second element of a retaliation claim.

Defendant Nail alleges first that he did not take any action adverse to Plaintiff, but rather that he was instructed by a superior prison official to undertake the complained-of search of Plaintiff's cell for a missing staff identification card. (Def.'s Mem. P. & A. at 4.) Defendant Nail cites to his own sworn declaration and his colleagues' sworn declarations to refute Plaintiff's claims. Plaintiff's claims, on the other hand, are merely that, claims

unsupported by any competent evidence and wholly dependent on Plaintiff's speculation and belief that Defendant Nail initiated the search and planted the weapon. Plaintiff has failed to meet his burden in responding to Defendant Nail's motion for summary judgment.

Similarly, Plaintiff has failed to submit competent evidence to refute Defendant Nail's sworn denial of taking any action against Plaintiff with retaliatory intent. Again, Plaintiff relies only on his own suspicion and belief, as well as the timing and sequence of the events. However, timing alone is not sufficient to persuade a reasonable fact-finder that Defendant Nail acted with retaliatory intent. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (rejecting district court's conclusion that defendants acted with retaliatory motive based on the timing of adverse action when there was little else to support the inference of retaliatory motive); see also Davenport v. Board of Trustees of State Center Community College District, 654 F.Supp.2d 1073, 1101–1103 (E.D.Cal. 2009) (concluding, in employment discrimination context, that timing alone is insufficient circumstantial evidence of improper pretext to withstand summary judgment); Wilson v. City of Fountain Valley, 372 F.Supp.2d 1178, 1191 (C.D.Cal. 2004) ("timing alone ... will not suffice-unless ... it is 'unusually suggestive' of retaliatory motive-to defeat a motion for summary judgment, once the defendants have submitted evidence that their adverse action against the plaintiff was intended to serve legitimate non-retaliatory ends.").

Defendant Nail's sworn evidence denies a retaliatory motive, denies planting a weapon in Plaintiff's cell, and puts forth a legitimate, non-retaliatory goal for searching the cells of Plaintiff and others for a missing identification card. Plaintiff has failed to meet his burden and submit competent evidence refuting Defendant Nail's version of events.

The Court finds that Plaintiff has failed to submit sufficient evidence to support his allegation that Defendant Nail took adverse actions against him or that Defendant Nail acted with retaliatory intent. Accordingly, the Court will recommend that summary judgment be granted in favor of Defendant Nail on these grounds.

  **B.**  **Plaintiff's Claim also is *Heck* Barred**

It has long been established that state prisoners cannot challenge the fact or

duration of their confinement in a 42 U.S.C. § 1983 action; their sole remedy in such cases lies in habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Plaintiff argues that Heck does not apply to his case since Heck, unlike the case here, dealt with a hearing officer being accused of improper behavior or prejudice, which is not the case here. (Pl.'s Mem. P. & A. at 5.) Plaintiff also argues that his claim is not Heck barred because he is not asking for return of his good time credits.

Defendant Nail has submitted evidence that Plaintiff was found guilty of possessing a weapon and lost 360 days of credit. (Def.'s Mem. P. & A. at Ex. B.) Plaintiff could not have been found guilty of possessing a weapon if, as he alleges, Defendant Nail originally possessed and then planted the weapon in Plaintiff's cell. Thus, granting Plaintiff's claim that Nail planted the weapon necessarily requires setting aside the finding of Plaintiff's guilt; he could not be guilty if his version of events were here found to be true. Finding in favor of Plaintiff here would necessarily undo his disciplinary conviction and the lost time credits sentence.

Plaintiff's claim is barred by the favorable termination rule since a finding in his favor would necessarily imply the invalidity of the disciplinary conviction. Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok, 520 U.S 641, 80-81 (1997). Plaintiff's retaliation claim

is barred by the favorable termination rule.[1]

### C. Plaintiff's Motion to Strike Defendant's Declarations in Support of Motion for Summary Judgment

In Plaintiff's opposition to Defendant Nail's motion he argues that declarations submitted in support of Defendant Nail's motion for summary judgment should be stricken because statements regarding the prison doctor's lost identification card are hearsay. (Pl.'s Mot. to Strike, ECF No. 38, at 10.) Plaintiff fails to cite authority in support of this claim. Nevertheless, the Court agrees that the statement about a missing identification card would be hearsay if offered for the truth of the fact that an identification card was missing. But here the statement, whether true or not, is offered to explain Defendant Nail's actions in searching Plaintiff's cell. That the statement was communicated to Defendant Nail is shown by the sworn declarations of Nail, Akin, and Garza. It is offered to corroborate Defendant Nails' assertion that he was motivated to search the cell for a missing ID. It is not hearsay. It is relevant and material. It is admitted.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Defendant Nail is entitled to judgment as a matter of law on Plaintiff's First Amendment retaliation claim and it is HEREBY ORDERED that:

1. Defendant Nail's motion for summary judgment, filed on September 20, 2012, is GRANTED;
2. Plaintiff's motion to strike the declarations is DENIED; and
3. The Clerk of the Court is DIRECTED to enter judgment for Defendant Nail against Plaintiff.

IT IS SO ORDERED.

Dated:  January 18, 2013          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not reach Defendant Nail's argument that he is entitled to qualified immunity in light of these findings.